PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA LEE KEENAN, | ) | |
| | ) | CASE NO.  4:20CV918 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| OHIO DEPARTMENT OF | ) | |
| REHABILITATION AND CORRECTION, | ) | |
| *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF No. 11] |

Pending before the Court is Plaintiff's Second Amended Complaint,[1] which is subject to review under 28 U.S.C. §§ 1915, 1915A, as well as Plaintiff's Motion to Dismiss Party Certain Defendants.  ECF Nos. 11, 12.  Plaintiff seeks to proceed *in forma pauparis*, a request which this Court will grant in a separate order.  ECF No. 2.  For the foregoing reasons, Counts I, II, and III are dismissed against Defendant Settle only, and Plaintiff's Motion to Dismiss Party Certain Defendants is granted.

---

[1]    When Plaintiff obtained counsel, this Court ordered that counsel file an Amended Complaint.  ECF Nos. 6, 9.  Counsel filed such an Amended Complaint on November 11, 2020.  ECF No. 10.  Without seeking leave to do so, counsel filed a Second Amended Complaint on November 30, 2020, which did not comply with the requirements of Fed. R. Civ. P. 15.  ECF No. 12.  The Court has reviewed the Second Amended Complaint, and will accept it, as it makes only minor clarifications to the Amended Complaint.  Counsel also filed a Praecipe for issuance of Original Summons (ECF No. 13) prior to any determination being made that any complaint filed in this action was sufficient to proceed to service under 28 U.S.C. §§ 1915, 1915A.  Counsel is cautioned to be more diligent in ensuring compliance with Federal statutes and rules going forward.

(4:20CV918)

# I.    Background

Plaintiff initially filed this matter *pro se*, but shortly thereafter retained counsel who filed a Second Amended Complaint, and a Motion to Dismiss certain defendants named only in the original complaint.  ECF Nos. 1, 11, 12.

As Defendants, the Second Amended Complaint names CoreCivic, Inc.; Lieutenant Tim Sturgiss; Corrections Officer O'Dell; Warden Michael Phillips; "Sargent" Kennedy; a John Doe medical employee of CoreCivic; and Plaintiff's former cell mate, Michael Settle.  Plaintiff seeks to proceed against all Defendants for violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution; and for negligent training, supervision, discipline, staffing, and retention.  He seeks to proceed against Defendant Settle only for assault and battery; and against Defendants CoreCivic, Phillips, and Kennedy for intentional infliction of emotional distress.

Generally, Plaintiff alleges that during a March 30, 2020, extraction from his cell he was injured when Defendant Sturgis and other prison employees kneed him in his face, "punched in his ribs, and bent his fingers back so far plaintiff thought they were broken."  ECF No. 12 at PageID #: 71.  He was then moved to an unclean shower stall before being placed in "a filthy cell that did not have a mattresses, had dirty, filthy, urine water standing in it and did not have a working toilet, nor toilet paper[.]"  *Id*. at PageID #: 71-72.  His clothes and shoes were taken from him, and he was punched repeatedly.  Plaintiff alleges he was injured because his handcuffs were too tight, and that he was dragged by those cuffs.   After a visit to the infirmary, he was returned to the unsanitary cell with "red, raw and bleeding" wrists.  *Id*. at PageID #: 71.  Plaintiff alleges that on other occasions certain Defendants dragged him by his wrists, that as a result he

2

(4:20CV918)

experienced numbness in both his wrists along with neck and back injuries, and that he was denied treatment by medical personnel.  *Id*. at PageID #: 72.

Plaintiff contacted his criminal defense attorney to report this behavior.  ECF No. 12 at PageID #: 72.  After that attorney contacted the prison to report the assault, inmates began to throw urine on Plaintiff and assault him in the showers.  *Id*.  Some of those inmates informed Plaintiff that Defendants O'Dell, Strugis and Kennedy instructed them to harass Plaintiff.  *Id*. "Plaintiff became so anxious and scared he would not shower for long periods of time."  *Id*.

Plaintiff asserts that, in violation of policy, he was housed in a cell with Defendant Settle, a "level 5/level E" inmate who "had previously stabbed another inmate and he was a level 5 based on his murder conviction."  ECF No. 12 at PageID #: 72.  "Before May 7, 2020 upon information and belief, defendant Settle told defendant CoreCivic's Sargent (first name presently unknown) Kennedy, also a defendant herein, that he was planning to tie plaintiff's hands and feet together then punch and kick plaintiff."  *Id*.  "In fact, on May 7, 2020 defendant Settle punched plaintiff, knocking him out, tied plaintiff's hands and feet together but was stopped from harming plaintiff any further by defendant CoreCivic's Corrections Officers."  *Id*.

Plaintiff alleges that he has been subject to retaliatory searches of his cell, and that he has suffered fear, anxiety, emotional distress, and pain and suffering as the result of the above-described events.  Plaintiff seeks declaratory relief along with compensatory and statutory damages.

## II.  Standard for Dismissal

The Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir.

3

(4:20CV918)

1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  The Court is required to do the same under 28 U.S.C. §1915A where "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" and the claim "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III.  Analysis

In order to be subject to liability under §1983, a person must act "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia[.]" 42 U.S.C. §1983.  This is commonly referred to as the "under color of law" requirement.

4

(4:20CV918)

*Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).  While Plaintiff asserts that all other defendants were acting under color of state law at all relevant times, he does not include any such allegation as to Defendant Settle, who is a prisoner, not a prison employee.

While a private person may act under the color of state law when they "reach an understanding" with law enforcement to violate the constitutional rights of another, *Adickes*, 398 U.S. 144, that is not what Plaintiff alleges.  Rather, Plaintiff states: "Before May 7, 2020 upon information and belief, defendant Settle told defendant CoreCivic's Sargent (first name presently unknown) Kennedy, also a defendant herein, that he was planning to tie plaintiff's hands and feet together then punch and kick plaintiff."  ECF No. 12 at PageID #: 72.  Plaintiff then alleges that the described attack occurred.  *Id.*  Plaintiff does not allege that Defendant Settle was one of the inmates who threw urine on him and assaulted him in the showers, allegedly at the instruction of other Defendants.

While Defendant Kennedy's alleged knowledge of the planned attack may impact his liability on other claims, these allegations do not convert Defendant Settle into a state actor. Accordingly, Plaintiff may not proceed against Defendant Settle on Counts I-III.  As to Count III the Court also notes that Plaintiff makes no allegations that support the conclusion that Defendant Settle, a prisoner, played any role in the training, supervision, discipline, staffing, or retention of correctional officers or other staff at the prison in which he and Plaintiff were incarcerated.  The only remaining count against Defendant Settle is Count IV: Assault & Battery, which may proceed to service.

## VI.  Conclusion

Accordingly, Counts I-III are dismissed against Defendant Settle pursuant to 28 U.S.C. § 1915(e).  Defendants Ohio Department of Rehabilitation and Corrections and Mr. Weaver

(4:20CV918)

Institutional Inspector are dismissed from this action without prejudice pursuant to Fed. R. Civ. P. 41.  This matter shall proceed to service in all other respects.  A copy of this Order shall be served upon each Defendant along with a copy of the Second Amended Complaint.

      IT IS SO ORDERED

 December 1, 2020                     /s/ Benita Y. Pearson        
Date                                   Benita Y. Pearson
                                     United States District Judge